

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-47,593-03

### EX PARTE RANDAL FRANKLIN CARAWAY, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 19072C IN THE 91ST DISTRICT COURT
### FROM EASTLAND COUNTY

*Per curiam*.

## O R D E R

Applicant was convicted of murder and sentenced to ninety-nine years' imprisonment. During the punishment phase, the parties stipulated that Applicant had acted under the influence of sudden passion arising from adequate cause, resulting in a reduction of the degree of offense from first degree to second degree murder. Because Applicant's punishment was enhanced using prior convictions, the ninety-nine year sentence assessed by the jury was within the applicable punishment range for the offense. The Eleventh Court of Appeals affirmed Applicant's conviction. *Caraway v. State*, No. 11-96-00189-CR (Tex. App. — Eastland December 17, 1998) (not designated for publication). Applicant has previously challenged this conviction two times by way of habeas corpus, and this Court has denied relief and dismissed some of Applicant's previous claims as barred

by Texas Code of Criminal Procedure article 11.07 §4.

Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that he received ineffective assistance of trial counsel and entered an involuntary "plea" regarding the sudden passion issue. Those claims are barred by Article 11.07 §4. However, Applicant also alleges that he is being denied due process by the retroactive application of Texas Government Code § 508.149(a) to deny him eligibility for release to mandatory supervision. Applicant alleges that he only became aware of this issue recently when he submitted claims to the time credit resolution system of the Texas Department of Criminal Justice and received responses from that office indicating that this conviction makes him ineligible for mandatory supervision pursuant to Section 508.149(a).

On the date of this offense, in 1994, Section 508.149 of the Texas Government Code did not exist. Rather, eligibility for mandatory supervision and parole were governed by Articles 42.12 and 42.18 of the Texas Code of Criminal Procedure. Although the version of Article 42.12 in effect on the date of the offense listed murder as an offense requiring the inmate to serve half the sentence in flat time or thirty years before becoming eligible for parole, second degree murder was not an offense listed in Article 42.18 as being ineligible for mandatory supervision in 1994.

Applicant has alleged facts that, if true, might entitle him to relief. Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order the Texas Department of Criminal Justice's Office of the General Counsel to obtain a response from a person with knowledge of relevant facts. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is

indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The response shall state whether Applicant is considered eligible for mandatory supervision, and if not, why not. If Applicant is currently considered to be ineligible for mandatory supervision, the response shall state whether he has always been so classified, or whether he has only recently been considered ineligible for mandatory supervision.

The trial court shall make findings of fact and conclusions of law as to whether Applicant was classified as ineligible for mandatory supervision at the time he filed his previous habeas applications, and as to whether Applicant could have raised this claim in those previous applications. The trial court shall then determine whether Applicant is currently considered to be eligible for mandatory supervision, and if not, why not. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.


Filed: March 17, 2021
Do not publish